UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

TERESA STODDART,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant.

No. CV-09-292-JPH

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on August 6, 2010 (Ct. Rec. 11, 14). Attorney Rebecca M. Coufal represents plaintiff; Special Assistant United States Attorney Willy M. Le represents the Commissioner of Social Security (Commissioner). The parties have consented to proceed before a magistrate judge (Ct. Rec. 3). On July 19, 2010, plaintiff filed a reply (Ct. Rec. 16). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 14) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 11).

**JURISDICTION**

Plaintiff protectively applied for disability insurance benefits (DIB) and supplemental security income (SSI) in February 2005 and August 2006, respectively, alleging onset as of January

1, 2005, due to nerve damage, right eye blindness, right-sided paralysis and pain, migraine headaches, panic attacks, and depression (Tr. 28, 36, 99-101, 102-107, 119). The applications were denied initially and on reconsideration (Tr. 78-81, 83-86). At a hearing before Administrative Law Judge (ALJ) R. S. Chester on June 18, 2008, plaintiff, represented by counsel, and a vocational expert testified (Tr. 31-73). On July 21, 2008, the ALJ issued an unfavorable decision (Tr. 13-28). The Appeals Council denied review on July 16, 2009 (Tr. 1-3). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on September 21, 2009 (Ct. Rec. 1).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcripts, the ALJ's decision, the briefs of the parties, and are summarized here where relevant.

Plaintiff was 39 years old at the hearing (Tr. 36-37). She is unmarried and lives with her thirteen year old son (Tr. 38). Plaintiff earned her GED and completed a two year college degree in business management (Tr. 39). Ms. Stoddart has worked as a home attendant/care giver (Tr. 39-41, 66), a retail manager for eight years (Tr. 42-43, 66), and a sales clerk (Tr. 44-45, 66). She last worked in 2005 (Tr. 46). Plaintiff testified she drives (Tr. 38). Since being assaulted in 2005, Ms. Stoddart suffers pain, memory loss, right side paralysis with incontinence, swelling, falling, and leg discoloration (Tr. 47-49). She is blind in her right eye. Two to three times a week plaintiff suffers migraine headaches but

prescribed medication “gets rid of it within a short time” (Tr. 50). She receives no mental health treatment but has a daily care giver. Plaintiff drinks alcohol 2-3 times a year (Tr. 54). She plays with her dog, reads, drives, vacuums with assistance, and cooks and washes dishes while seated. Plaintiff goes to church occasionally but cannot go out alone due to panic attacks and fear of falling (Tr. 38, 54-56, 58-59, 61).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the "Act") defines "disability" as the “inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not,

the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity ("RFC") assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.*

*Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). “The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be

upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

At the onset ALJ Chester found plaintiff was insured through March 31, 2010 (Tr. 15). At step one he found Ms. Stoddart has not engaged in substantial gainful activity since onset on January 1, 2005 (Tr. 15). At steps two and three, he found plaintiff suffers from right eye blindness, headaches, panic disorder, and pain disorder, impairments that are severe but which do not meet or medically equal a Listed impairment (Tr. 15, 20-21). The ALJ found plaintiff less than completely credible (Tr. 24-25). At step four,

relying on the VE, he found she is able to perform her past relevant work as a home attendant (Tr. 27, 68-69), a determination that made step five moot. Accordingly, ALJ Chester found plaintiff is not disabled as defined by the Social Security Act (Tr. 28).

**ISSUES**

Plaintiff contends the Commissioner erred at step two by failing to find fibromyalgia and patellofemoral syndrome severe impairments. She contends the ALJ improperly weighed Dr. Ridgeway’s opinion and failed to fully develop the record. Last, she contends he erred assessing credibility (Ct. Rec. 12 at 12-22). The Commissioner responds the ALJ appropriately weighed the evidence, including Dr. Ridgeway’s opinion and plaintiff’s credibility, and properly developed the record. He asks the Court to affirm (Ct. Rec. 15 at 2).

**DISCUSSION**

**A. Weighing medical evidence - standards**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant’s own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight

because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician’s opinion is not “necessarily conclusive as to either a physical condition or the ultimate issue of disability.” *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician’s opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

**B. Step two**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical

evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr. 1991).

An impairment or combination of impairments may be found "not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb. Barnhart*, 433 F.3d 683, 686-687 (9th Cir. 2005) (citing *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); *see also Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988). If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step. S.S.R. No. 85-28 (1985). Step two, then, is "a de minimus screening device [used] to dispose of groundless claims," *Smolen*, 80 F.3d at 1290, and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is "clearly established by medical evidence." S.S.R. 85-28. The question on review is whether the ALJ had substantial evidence to find that the medical evidence clearly established that the claimant did not have a medically severe impairment or combination of impairments. *Webb*, 433 F.3d at 687; *see also Yuckert*, 841 F.2d

at 306.

Plaintiff argues at step two the ALJ should have found she suffers from the severe impairments of fibromyalgia and patellofemoral syndrome (Ct. Rec. 12 at 12-14; 16 at 1-3). According to the Commissioner, the ALJ was not required to find these conditions severe because they have not been properly diagnosed (Ct. Rec. 15 at 7-9).

Margaret Collyer, ARNP, opined in July of 2006 plaintiff suffers patellofemoral syndrome: she "has patellofemoral syndrome at the knees" (Tr. 260). [Ms. Collyer reminded plaintiff they treated her for it nearly ten years earlier but plaintiff did not remember it (Tr. 258).] Nurses are non-acceptable medical sources for diagnostic purposes. 20 C.F.R. §§ 404.1513(a), 416.913(a). The ALJ correctly omitted patellofemoral syndrome as a severe impairment at step two because it was not diagnosed by an acceptable medical source. Citing SSR 06-03p, the Commissioner accurately points out because non-acceptable sources, such as nurses, may not properly diagnose impairments, their information cannot establish the existence of a medically determinable impairment as required at step two (Ct. Rec. 15 at 8-9).

Plaintiff similarly contends the ALJ should have included fibromyalgia as a severe impairment at step two. The Commissioner responds because fibromyalgia, like patellofemoral syndrome, was not formally diagnosed by an acceptable medical source, the ALJ correctly omitted it as a severe condition at step two (Ct. Rec. 15 at 7-8).

Examining neurologist David Henzler, M.D. opined it "seems like she has the syndrome of fibromyalgia," and prescribed

antidepressant medication he knew was used to treat fibromyalgia, but did not formally diagnose the condition. He opined there was a psychosomatic aspect to plaintiff's complaints and referred her back to her treatment provider for follow up (Tr. 180-181). Treating physician Daniel Stoop, M.D., found multiple trigger point areas along the spine of the neck, thoracic spine and lower back. He diagnosed myofascial pain, not fibromyalgia (Tr. 311, 313, 317). No rheumatologist has diagnosed fibromyalgia. A treating physician's opinion is entitled to greater weight than that of an examining physician. The Commissioner is correct. Unless an acceptable medical source formally diagnoses a medically determinable impairment, it is non-severe as defined by the SSA.

Plaintiff contends the ALJ erred by disposing of her claim at step two. She is mistaken. The ALJ found at step four plaintiff is not disabled.

**C. Credibility**

To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found her less than fully credible (Tr. 24-26). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an

underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

"General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the c1aimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ relied on plaintiff's inconsistent statements (Tr. 24-26). Plaintiff told many treatment providers she does not drink or abuse substances (Tr. 179, 229, 232, 236, 250). The ALJ observes plaintiff (1) gave a blood alcohol test of .105 in August 2007; (2) tested positive for cocaine and gave a blood alcohol test of .059 in September 2007; and (3) a month later, in October of 2007, admitted she drank one beer but smelled strongly of alcohol (Tr. 16, 25 referring to Exhibit 6F, Tr. 234, 236-238). Inconsistent statements diminish credibility. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002).

The ALJ observes many of plaintiff's allegations are unsupported by the medical evidence (Tr. 15-20, 25-26). He notes Ms. Stoddart indicates she suffered severe impairments following an assault on May 31, 2005, yet onset is alleged almost six months earlier. No medical evidence supports impairment prior to May 31, 2005. Similarly, plaintiff has complained of right eye blindness and impaired left eye vision, yet the only relevant medical records are an exam in July 2007 and records dated September and

November of 2007 (Exhibit 8F) indicating Ms. Stoddart failed to keep both appointments (Tr. 246-248). Despite many neurological complaints, the ALJ observes Dr. Henzler's neurologic exam in September 2006 yielded no significant neurologic findings (Tr. 26; 181).

The ALJ may properly consider complaints unsupported by medical evidence as long as it is not the sole factor used to determine credibility. *Bunnell v. Sullivan*, 947 F.2d. 341, 345 (9th Cir. 1991).

The ALJ relied on plaintiff's drug seeking behavior and inconsistent statements about substance abuse when he found her less than fully credible (Tr. 25-26). He observes plaintiff specifically asked for prescription narcotic pain medication and changed treatment providers after they stopped prescribing narcotics (Tr. 26, 193). As noted, plaintiff inconsistently described substance use (Tr. 25-26). These factors diminish credibility. *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).

The ALJ considered plaintiff's noncompliance with medical treatment, including her failure to keep appointments on several occasions and repeated failure to obtain neurological testing as directed (Tr. 16, 26, 247-248). Marelda Abney, ARNP stopped treating plaintiff in January 2007 because she repeatedly failed to keep appointments (Tr. 188). [As the ALJ points out, plaintiff stopped going to Ms. Abney when the nurse stopped prescribing narcotics in November 2006 (Tr. 19; 193)]. Plaintiff repeatedly failed to obtain neurologic testing (Tr. 181, 183, 201, 249). She stopped taking prozac for two months in 2007 (Tr. 249).

Unexplained failure to comply with medical treatment diminishes credibility. *Fair v. Bowen*, 885 F.2d 597, 603-604 (9th Cir. 1989).

Notably, plaintiff was helping someone move when she broke her foot in October 2007 (Tr. 241).

Plaintiff claims the ALJ erred assessing credibility (Ct. Rec. 12 at 16-20). Because the ALJ's reasons are clear, convincing, and supported by substantial evidence, the argument fails.

**D. Examining psychologist**

ALJ Chester considered the contradicted opinion of examining psychologist Pamela Ridgeway, Ph.D., following her May 12, 2008, examination (Tr. 16-17, referring to Tr. 327-335).

Dr. Ridgeway diagnosed pain disorder associated with both psychological factors and a general medical condition, panic disorder with agoraphobia, depressive disorder NOS, and cognitive disorder NOS (Tr. 331). As the ALJ observes, Dr. Ridgeway assessed a GAF of 50-55 indicating moderate symptoms or difficulty in social, occupational or school functioning (Tr. 17, Tr. 331). She assessed moderate limitations in six areas and a marked limitation in the ability to perform under stress when speed and sustained attention are "make or break" aspects of the job (Tr. 333-335), a form apparently provided by plaintiff's attorney. Several areas of moderate limitation include (1) performing within a schedule, maintaining attendance and punctuality; (2) getting along with co-workers, and (3) completing a normal work day or work week (Tr. 333-334). Dr. Ridgeway assessed a moderate limitation in the ability to respond appropriately to work place changes, noting plaintiff "reportedly becomes anxious when faced with unexpected

events" (Tr. 334).

Dr. Ridgeway's assessed limitation in the ability to respond to change appropriately is clearly based on plaintiff's unreliable self-report. An ALJ need not credit opinions based on a claimant's discredited report. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

The ALJ observes

> claimant's attorney referred the claimant to Pamela Ridgeway, Ph.D., psychologist, shortly before the hearing for a psychological consultation. On May 12, 2008, the claimant presented for the examination with a history of being in the ICU after an assault by her ex-boyfriend in May 2005 and being hospitalized a second time after being strangled with a telephone cord. Other than past individual and group counseling for domestic violence [lasting one year], the claimant reported no mental health treatment[.]
>
> . . . [She] alleged having panic attacks and needing to avoid others and pressure situations and reported experiencing depressive symptoms after breaking her left ankle in October 2007.
>
> . . . The claimant was adamant she did not go shopping alone due to fear of panic attacks. . . memory abilities were found to be in the low average to borderline range . . .
>
> Based on the above, the undersigned finds severe physical and mental impairments of right eye blindness, headaches and a panic disorder based on the medical evidence of record and in viewing the evidence in the light most favorable to the claimant, also finds a pain disorder of recent diagnosis and of barely enough evidence to be deemed a medically determinable impairment.

(Tr. 16-17).

Dr. Ridgeway notes records show plaintiff was not in the ICU after being assaulted in October 2005 as she alleged (Tr. 327-328). The ALJ observes plaintiff has made several other statements to health care professionals that have not been supported by the medical evidence. These include plaintiff reporting she was hospitalized for being strangled at some point

after the initial assault, a claim not supported by the medical records, and reporting she went "to the emergency room for concussions after collapsing," also unsupported by the record (Tr. 25).

Despite Dr. Ridgeway's assessed marked and moderate limitations, plaintiff's test results reveal only mild to moderate depression and anxiety (Tr. 332). The ALJ accurately observes plaintiff has stated throughout the record she was capable of most daily activities. When Ms. Stoddart alleged problems, they were due to physical complaints. Plaintiff rarely alleged problems due to any mental impairment (Tr. 21).

At his neurologic exam in September 2006, David Henzler, M.D., opined plaintiff's remote and recent memory, attention span, and concentration are all normal (Tr. 180). This evidence contradicts Dr. Ridgeway's opinions.

The ALJ notes plaintiff sought treatment infrequently, a specific legitimate reason to discredit Dr. Ridgeway's assessed marked and moderate limitations. *See Burch v. Barnhart*, 400 F.3d 676 (9th Cir. 2005); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

The ALJ assessed a single mental limitation: plaintiff's public contact should be limited.

To the extent the ALJ rejected the contradicted opinions of some of the professionals, his reasons are legitimate, specific, and supported by substantial evidence in the record. *See Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)(the ALJ must make findings setting forth specific, legitimate reasons for rejecting the treating or examining physician's contradicted opinion).

The ALJ is responsible for reviewing the evidence and

resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

**E. Duty to develop record**

Plaintiff alleges the ALJ should have sent Ms. Stoddart to a consultative examination for possible fibromyalgia, and to a neuropsychological evaluation in light of Dr. Ridgeway's evaluation (Ct. Rec. 12 at 14-16). Citing *Mayes v. Massanari*, 276 F.3d 453, 459-460 (9th Cir. 2001), the Commissioner asserts the duty to further develop the record is triggered only when the record is ambiguous or inadequate for determining disability, situations not present in this case (Ct. Rec. 15 at 9-10).

The Commissioner is correct. The record is adequate and sufficiently non-ambiguous to determine disability.

**E. Hypothetical**

Plaintiff alleges the ALJ should have included in his hypothetical the limitations assessed by Dr. Ridgeway (Ct. Rec. 12 at 20-22). As noted, the ALJ properly weighed her opinion and the other evidence. His RFC is supported by the record and free of error.

The record supports ALJ Chester's step two and credibility determinations. His assessment of the other evidence is based on substantial evidence and free of legal error.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 14)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 11)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for the parties, **enter judgment in favor of Defendant**, and **CLOSE** the file.

DATED this 20th day of August, 2010.

s/ James P. Hutton
JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE